| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER (Tran. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** MAGISTRATE JUDGE KEYS JUDGE KENNELLY | | 0755 2:05CR00185 |
| | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Asiel Elijah Poole | Northern District Of Indiana | Hammond |
| RECEIVED DEC 2 6 2007 U.S. PROBATION OFFICE CHICAGO, ILLINOIS | NAME OF SENTENCING JUDGE | |
| | Honorable Philip P. Simon | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 10/6/2006 | TO 10/5/2009 |

OFFENSE
FRAUD BY WIRE - RADIO - OR TELEVISION

MAGISTRATE JUDGE KEYS 08CR 0073

FILED FEB 1 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    Northern District Of Indiana

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the    Northern District of Illinois    upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

12-18-07
*Date*

*[signature]*
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE    NORTHERN    DISTRICT OF    ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

JAN 2 4 2008
*Effective Date*

*[signature] James F. Holderman*
*United States District Judge*

# United States District Court
## Northern District of Indiana
### Stephen R. Ludwig
#### Clerk of the Court

1108 Federal Building
Fort Wayne, Indiana
46802

P.O. Box 1498
Lafayette, Indiana
47902

101 Federal Building
Hammond, Indiana
46320

102 Federal Building
South Bend, Indiana
46601

February 13, 2008

Mr. Michael W. Dobbins, Clerk
United States District Court
219 South Dearborn Street
Chicago, IL 60604

RE:   USA vs Asiel Eliah Poole
      Cause No. 2:05-CR-185

Dear Mr. Dobbins:

Enclosed please find pursuant to the Transfer of Jurisdiction order:

(x)   Certified Copy of Transfer of Jurisdiction order

(x)   Certified Copy of Docket Sheets

(x)   Certified Copy of Indictment

(x)   Certified Copy of Judgment In a Criminal Case

                                    Sincerely,

                                    STEPHEN R. LUDWIG, CLERK


                                    By: _____s/ Marijana Ciric_____
                                            Deputy Clerk
                                            Hammond Division

FILED
FEB 1 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3⁴



**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

312-435-5698

February 1, 2008

United States District Court
Northern District of Indiana
Office of the Clerk
United States Courthouse,
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

Dear Clerk:

**Re: 0755 2:05CR00185 - USA v. Asiel Elijah Poole - Judge Philip P. Simon**

Our Case Number:   08 CR 73 - Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: Marsha E. Glenn
Deputy Clerk

Enclosure

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
### CRIMINAL DOCKET FOR CASE #: 2:05-cr-00185-PPS-APR All Defendants
### Internal Use Only

Case title: United States of America v. Poole

Date Filed: 10/21/2005
Date Terminated: 10/10/2006

Assigned to: Judge Philip P Simon
Referred to: Magistrate Judge Andrew P Rodovich

**Defendant (1)**

**Asiel Poole**
*TERMINATED: 10/10/2006*

represented by **Kerry C Connor - FCD**
Federal Community Defenders Inc - Ham/IN
Northern District of Indiana
31 Sibley Street
Hammond, IN 46320
219-937-8020
Fax: 219-937-8021
Email: kerry_connor@fd.org
*TERMINATED: 01/10/2006*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Michael W Bosch**
Bosch & Banasiak
7150 Indianapolis Blvd
Hammond, IN 46324
219-844-3020
Fax: 219-844-3023
Email: mbosch@netnitco.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
FEB 15 2008
Date

**Pending Counts**

**Disposition**

BOP - 1 day, time already served.
Supervised Release of 3 years. Special

| | |
|---|---|
| 18:1344 & 2 BANK FRAUD; AIDING AND ABETTING<br>(2) | assessment of $100.00. No fine imposed. Restitution to Bank One in the amount of $2,800 payable at the rate of $78.00 per month (payment to be made to Clerk of Court). |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1343 & 2 WIRE FRAUD; AIDING AND ABETTING<br>(1) | Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by leave of Court, count 1 is DISMISSED agnst dft Asiel Poole. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Philip Craig Benson - AUSA**<br>US Attorney's Office - Ham/IN<br>5400 Federal Plaza Suite 1500<br>Hammond, IN 46320<br>219-937-5500<br>Fax: 219-852-2770<br>Email: philip.benson@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2005 | 1 | SEALED INDICTMENT as to Asiel Poole (1) count(s) 1, 2. (efc, ) Additional attachment(s) added on 12/19/2005 (sda, ). (Entered: 10/24/2005) |
| 10/21/2005 | 2 | Warrant Issued in case as to Asiel Poole. (efc, ) (Entered: 10/24/2005) |
| 12/19/2005 | | Arrest of Asiel Poole (smb) (Entered: 12/20/2005) |
| 12/19/2005 | | Case unsealed as to Asiel Poole (smb) (Entered: 12/20/2005) |
| 12/19/2005 | 3 | INITIAL APPEARANCE as to Asiel Poole held on 12/19/2005 before Judge Paul R Cherry. Government appeared by AUSA D Berkowitz for |

| | | |
|---|---|---|
| | | AUSA P Benson. Defendant appeared in person w/out cnsl. T Adamson appeared on behalf of U S Probation/Pretrial Services. Defend adv rights, charges, penalties. Defend declines appointment of cnsl at this time and will retain own counsel. Arraignment set for 1/5/2006 10:00 AM in Hammond before Magistrate Judge Andrew P Rodovich. Defend released $20,000 Appearance Bond w/out supervision. (#Digitally Recorded.) (smb) (Entered: 12/20/2005) |
| 12/19/2005 | 4 | Appearance Bond Entered as to Asiel Poole in amount of $ 20,000 unsecured and unsupervised. (smb) (Entered: 12/20/2005) |
| 12/19/2005 | | Judge update in case as to Asiel Poole. Judge Andrew P Rodovich added. (smb) (Entered: 12/20/2005) |
| 12/19/2005 | 5 | Arrest Warrant Returned Executed on 12/16/05 in case as to Asiel Poole. (sda, ) (Entered: 12/27/2005) |
| 01/05/2006 | 6 | (SCHEDULED AS) ARRAIGNMENT as to Asiel Poole held on 1/5/2006 before Judge Andrew P Rodovich. Government appeared by attorney David Hollar. Defendant appeared w/o Atty. Dft states that he has not retained counsel and is still attempting to do so and requests court-appointed counsel. Dft sworn re financial status. Request granted. Arraignment reset for 1/10/2006 08:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED.(Digitally Recorded.) (plm, ) (Entered: 01/05/2006) |
| 01/06/2006 | 7 | ATTORNEY APPEARANCE: Kerry C Connor appearing for Asiel Poole (Connor, Kerry) (Entered: 01/06/2006) |
| 01/10/2006 | 8 | SCHEDULED AS ARRAIGNMENT as to Asiel Poole on 1/10/2006 before Judge Andrew P Rodovich. Government appeared by attorney Philip Benson. Defendant appeared by attorney Kerry Connor. Public Defender orally requests to withdraw from case as there is a conflict with her representation of Dft. Granted. Atty Kerry Connor withdrawn. The Federal Public Defender's Office is to appoint a new attorney. Dft requests a continuance of the arraignment. Granted. Arraignment reset for 1/17/2006 09:00 AM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED. (Digitally Recorded.) (plm, ) (Entered: 01/10/2006) |
| 01/10/2006 | 9 | NOTICE OF HEARING as to Asiel Poole. Arraignment reset for 1/17/2006 11:00 AM in Hammond before Magistrate Judge Andrew P Rodovich. PLEASE NOTE: CHANGE IN TIME ONLY. No pdf to follow. (plm, ) (Entered: 01/10/2006) |
| 01/12/2006 | 10 | ATTORNEY APPEARANCE: Michael W Bosch appearing for Asiel Poole (Bosch, Michael) (Entered: 01/12/2006) |
| 01/17/2006 | 11 | ARRAIGNMENT as to Asiel Poole (1) Count 1,2 held on 1/17/2006 before Judge Andrew P Rodovich. Government appeared by attorney Philip Benson. Defendant appeared by attorney Michael Bosch. Dft waives reading of Indictment and pleads NOT GUILTY. Arraignment Order attached to this minute setting forth deadlines/hearings. Pretrial |

| | | |
|---|---|---|
| | | Motions due by 2/17/2006. Jury Trial (4th setting) set for 2/28/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 2/10/2006 01:15 PM in Hammond before Magistrate Judge Andrew P Rodovich. Dft RELEASED. (Digitally Recorded.) (plm, ) (Entered: 01/17/2006) |
| 02/07/2006 | 12 | CJA 20 as to Asiel Poole: Appointment of Attorney Michael W Bosch for Asiel Poole on 1/10/06. (plm, ) Modified on 2/2/2007 to reflect correct date of assignment to Atty Bosch (Miller, Pat). (Entered: 02/07/2006) |
| 02/10/2006 | 14 | PRETRIAL CONFERENCE as to Asiel Poole held on 2/10/2006 before Judge Andrew P Rodovich. No appearance by Government. Defendant appeared by attorney Eric Randall. Pretrial conference continued to 2/13/2006 at 1:30 PM. (plm, ) (Entered: 02/16/2006) |
| 02/13/2006 | 13 | MOTION to Continue *Final Pretrial Conference and Trial* by Asiel Poole. (Bosch, Michael) (Entered: 02/13/2006) |
| 02/16/2006 | 15 | ORDER granting 13 Motion to Continue Final Pretrial Conference and Trial as to Asiel Poole (1). Jury Trial set for 4/24/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference set for 4/14/2006 08:30 AM in Hammond before Magistrate Judge Andrew P Rodovich. Signed by Judge Andrew P Rodovich on 2/16/06. (sda, ) (Entered: 02/17/2006) |
| 04/14/2006 | 17 | PRETRIAL CONFERENCE as to Asiel Poole held on 4/14/2006 before Judge Andrew P Rodovich. Government appeared by attorney Philip Benson. Defendant appeared by attorney Michael Bosch. See attached memorandum for complete details. (plm, ) (Entered: 04/19/2006) |
| 04/17/2006 | 16 | MOTION to Continue *Trial Setting* by United States of America as to Asiel Poole. (Benson, Philip) (Entered: 04/17/2006) |
| 04/26/2006 | 18 | ORDER granting 16 Motion to Continue as to Asiel Poole (1). Jury Trial reset for 7/10/2006 08:30 AM in Hammond before Judge Philip P Simon. Final Pretrial Conference reset for 6/23/2006 01:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. Signed by Judge Andrew P Rodovich on 4/26/06. (kjp, ) (Entered: 04/26/2006) |
| 06/23/2006 | 19 | PRETRIAL CONFERENCE as to Asiel Poole held on 6/23/2006 before Judge Andrew P Rodovich. Govt appeared by AUSA Philip Benson. Dft appeared by atty Michael Bosch. Parties inform court they have reached a plea. See attached memorandum for complete details. (plm, ) (Entered: 06/23/2006) |
| 06/26/2006 | 20 | PLEA AGREEMENT as to Asiel Poole (Benson, Philip) (Entered: 06/26/2006) |
| 06/27/2006 | 21 | NOTICE OF HEARING as to Asiel Poole: Change of Plea Hearing set for 7/5/2006 02:45 PM in Hammond before Judge Philip P Simon. (nac, ) (Entered: 06/27/2006) |
| 06/29/2006 | 22 | PLEA AGREEMENT *Amended* as to Asiel Poole (Benson, Philip) |

| | | |
|---|---|---|
| | | (Entered: 06/29/2006) |
| 07/05/2006 | ●23 | HEARING as to Asiel Poole held on 7/5/2006 before Judge Philip P Simon. Originally scheduled as a change of plea hearing. Gov't present by Philip Benson, AUSA. Dft appears by cnsl Michael W. Bosch. U.S. Probation Officer L. Daniels is present in person. Atty Bosch contacts the dft by phone and advises the Court that the dft was confused about the date of the hearing and had planned to be here on 7/10/2006 for a change of plea hearing. The change of plea hearing is RESET to: 7/11/2006 10:00 AM in Hammond before Judge Philip P Simon. The jury trial date of 7/10/2006 is VACATED. The Gov't orally moves for this time to be excluded under the Speedy Trial Act. Court ORDERS that if there is an issue regarding this the Gov't should file a written motion with an appropriate form of order for the Court's signature. There remains an outstanding warrant in case number 2:06 CR 106 RL agnst dft Asiel Poole which will not be recalled at this time due to the dft's failure to appear for the change of plea hearing. (Court Reporter Sharon Boleck-Mroz.) (nac, ) (Entered: 07/05/2006) |
| 07/05/2006 | ● | Terminate Deadlines and Hearings as to Asiel Poole: (jury trial date of 7/10/06) (nac, ) (Entered: 07/05/2006) |
| 07/11/2006 | ●24 | CHANGE OF PLEA HEARING as to Asiel Poole held on 7/11/2006 before Judge Philip P. Simon. Gov't rep by Philip Benson, AUSA. Dft in person and by cnsl Michael Bosch. U.S. Probation Officer L. Daniels is also present in person. Plea entered by Asiel Poole (1) Guilty as to Count 2. Dft advised of Constitutional rights, charges and penalties. Court orders judgment of guilty entered upon the dft's plea of guilty to count 2 of the Indictment. Plea of guilty is accepted by the Court. Court reserves acceptance of plea agreement pending a review of the Presentence Investigation Report. Referred to U.S. Probation Office for Presentence Investigation Report. Sentencing set for 10/5/2006 01:00 PM in Hammond before Judge Philip P Simon. Gov't moves to recall the warrant in case number 2:06 CR 106 RL for dft Asiel Poole - GRANTED, U.S. Marshal to be notified regarding this order.(Court Reporter Sharon Boleck-Mroz.) (nac, ) (Entered: 07/11/2006) |
| 10/02/2006 | ●25 | NOTICE: the sentencing hearing previously scheduled for 10/5/2006 is VACATED on the Court calendar of Judge Philip Simon. The sentencing will be reset. (nac, ) (Entered: 10/02/2006) |
| 10/02/2006 | ●26 | NOTICE OF HEARING as to Asiel Poole: Sentencing RESET to 10/6/2006 01:00 PM in Hammond before Judge Philip P Simon. (nac, ) (Entered: 10/02/2006) |
| 10/06/2006 | ●27 | MOTION for Downward Departure *Pursuant to Guideline Section 5K1.1 and 18 U.S.C. 3553(e)* by United States of America as to Asiel Poole. (Benson, Philip) (Entered: 10/06/2006) |
| 10/06/2006 | ●28 | MOTION to Dismiss *Count 1 of the Indictment* by United States of America as to Asiel Poole. (Benson, Philip) (Entered: 10/06/2006) |
| 10/06/2006 | ●29 | SENTENCING held on 10/6/2006 for Asiel Poole before Judge Philip P. |

|  |  | Simon. Gov't by Philip P. Simon. Dft present in person and by cnsl Michael Bosch. U.S. Probation Officer L. Daniels is present in person. Court GRANTS Motion for Downward Departure 27 . Court accepts plea agreement. Dft sentenced on count 2: BOP - 1 day, time already served. Supervised Release of 3 years. Special assessment of $100.00. No fine imposed. Restitution to Bank One in the amount of $2,800 payable at the rate of $78.00 per month (payment to be made to Clerk of Court). Dft advised of rights to an appeal. Cnsl reminded of duty to perfect appeal, should client wish. Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure and by order of the Court, count 1 is DISMISSED agnst dft Asiel Poole. (Court Reporter Sharon Boleck-Mroz.) (nac, ) (Entered: 10/06/2006) |
|---|---|---|
| 10/06/2006 | 30 | ORDER granting 28 Motion to Dismiss count 1 of the Indictment as to Asiel Poole. Signed by Judge Philip P Simon on 10/6/2006. (nac, ) (Entered: 10/06/2006) |
| 10/10/2006 | 31 | JUDGMENT as to Asiel Poole. Signed by Judge Philip P Simon on 10/10/2006. (nac, ) (Entered: 10/10/2006) |
| 12/18/2007 | 32 | ORDER as to Asiel Poole (form INN-PROB 22) transferring probation jurisdiction to the ND of Illinois, awaiting signature of accepting court. Signed by Judge Philip P Simon on 12/18/07. (original to USPO) (sda) (Entered: 12/19/2007) |
| 02/13/2008 | 33 | Probation Jurisdiction Transferred to USDC Northern District of Illinois as to Asiel Poole. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Letter from USDC for the Northern District of Illinois requesting documents)(mc) (Entered: 02/13/2008) |
| 02/13/2008 | 34 | Letter to USDC Northern District of Illinois, regarding transfer of jurisdiction. (mc) (Entered: 02/13/2008) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CAUSE NO: 2:05CR 185PS |
| v. | ) | |
| | ) | 18 U.S.C. § 1343 |
| ASIEL POOLE | ) | 18 U.S.C. § 1344 |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1

A. INTRODUCTION

At all times material to the indictment

1. Bank One was a financial institution engaged in interstate commerce and had offices and bank branches in both Illinois and Indiana.

2. Bank One was a financial institution insured by the Federal Deposit Insurance Corporation (FDIC).

3. The Antonio M. Perkins had a checking account at Bank One located in the State of Illinois. Furthermore, Antonio M. Perkins had a Bank One debit card for this account.

4. Horseshoe Casino was a gambling casino located in Hammond, Indiana.

5. Global Payments Inc., was a business based in Atlanta, Georgia and was engaged in interstate commerce. Global Payments Inc., processed and cleared electronic fund transfers for various banks and other facilities located throughout the United States.

6. All processing and clearing of electronic fund transfers by Global Payments Inc., which

1

were done for Horseshoe Casino, involved the transmission of electronic information from inside the State of Indiana to outside the State of Indiana, and across various state boundary lines.

7. As part of the routine course of business at the Horseshoe Casino, individuals wishing to gamble could obtain a cash advance on either their credit card, or through a debit to their bank debit card.

8. To obtain a cash advance with a credit card, an individual would have to present a valid credit card to casino officials and request a cash advance in a specific dollar amount.

9. To obtain cash with a debit card, an individual would have to present a debit card to casino officials and request a debit withdrawal in a specific dollar amount.

10. With either a cash advance with a credit card, or a debit card transaction, casino officials would swipe this card through an electronic magnetic card processing device and enter additional data regarding the transaction (i.e. requested cash amount). This electronic data would then be transferred in interstate commerce from the State of Indiana to the State of Georgia by interstate wire to Global Payments Inc. Global Payments Inc., would then electronically contact the bank that issued the debit or credit card to verify the availability of the requested funds. After receiving this information from the bank, Global Payments Inc., would either approve or disapprove the request. This approval or denial was then wired back to the Horseshoe Casino located in the State of Indiana.

11. If approved, the amount of the credit card advance or debit card withdrawal was given to the individual in the form of a check. This check was then endorsed by the individual who requested the credit card advance or debit card withdrawal. This check was then cashed

by the Casino and the funds were given to the individual.

**B.   PURPOSE OF THE SCHEME AND ARTIFICE**

12. In or about November of 2004, the defendant, devised and intended to devise a scheme and artifice to attempt to defraud Bank One and Horseshoe Casino, by obtaining and attempting to obtain money and funds of Bank One and Horseshoe Casino, that the defendant was not legally entitled to.

**C.   THE SCHEME AND ARTIFICE**

As part of this scheme and artifice, ASIEL POOLE, did

13. In or about October of 2005, Asiel Poole arrange a meeting between "Individual A", Antonio Perkins, and himself for the purpose of engaging in a scheme to defraud Bank One. As part of this scheme, Poole, "Individual A", and Antonio Perkins did knowingly plan to deposit into a Bank One checking account a worthless check drawn on Bank of America and attempt to take a cash advance on that check prior to the discovery by Bank of America, Bank One, or Horseshoe Casino that in fact the check deposited into this Bank One checking account was worthless.

14. On or about November 2, 2004, the defendant did cause to be deposited into a Bank One checking account a worthless check in the amount $4000.00 which was drawn on an account at Bank of America. The purpose of this deposit into this Bank One Account was to fraudulently inflate the available Bank One account balance so that a cash back debit withdrawal could be taken against this amount.

15. That on or about November 3, 2005, Asiel Poole and Antonio Perkins did agree to meet with "Individual A" for the purpose obtaining explicit directions of how much money

3

should be obtained during this fraudulent transaction at Horshoe Casino.

16. That on or about November3, 2004, Asiel Poole and Antonio Perkins, did travel to the Horseshoe Casino in Hammond, Indiana, and attempt to use the funds from this $4000.00 worthless check, to engage in a $2800 cash back debit card transaction.

17. That on or about November3, 2004 Asiel Poole drove Antonio Perkins to the Horshoe Casino located in Hammond, Indiana for this fraudulent transaction.

18. That Antonio M. Perkins did present a Bank One debit card to Horseshoe Casino officials and request that his checking account be debited for $2800.00 and that he be given $2800.00 cash, knowing that there was insufficient funds to cover this transaction.

19. That after receiving the $2800.00 cash, Antonio Perkins gave $1400 to Asiel Poole, part of which was to be given to "Individual A."

### D. THE (WIRE) COMMUNICATION

On or about November 3, 2004, in the Northern District of Indiana and elsewhere,

### ASIEL POOLE

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly aid and abet in causing to be transmitted in interstate commerce from the Horseshoe Casino located in Hammond, Indiana, to Global Payments Inc., in Atlanta, Georgia, by means of a wire communication, certain signals, that is, electronic data and information, which was necessary to complete a $2800 cash back debit card transaction;

All in violation of Title 18, United States Code, Sections 1343 and 2.

4

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 2

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 19 of Count One of this indictment.

2. On or about November 3, 2004, in the Northern District of Indiana and elsewhere,

**ASIEL POOLE**

the defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly aid and abet in the use a Bank One debit card to defraud Bank One, a financial institution insured by the Federal Deposit Insurance Corporation (FDIC), by engaging in an unauthorized electronic funds debit withdrawal of $2,800 from a Bank One account;

All in violation of Title 18, United States Code, Section 1344 and 2.

A TRUE BILL:

S/ Foreperson
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: S/ Philip C. Benson
Philip C. Benson
Assistant United States Attorney

5

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __INDIANA__

UNITED STATES OF AMERICA
v.

ASIEL ELIJAH POOLE

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:05 CR 185

USM Number: 08606-027

Michael Bosch
Defendant's Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By _____
FEB 13 2008

**THE DEFENDANT:**

x pleaded guilty to count(s) 2

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1344 | Bank Fraud | 11/3/2004 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) _____

x Count(s) __1__ x is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 6, 2006
Date of Imposition of Judgment

S/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

October 6, 2006
Date

AO 245B     (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: ASIEL ELIJAH POOLE
CASE NUMBER: 2:05 CR 185

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    1 day of incarceration, TIME SERVED (time has already been served)

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT:   ASIEL ELIJAH POOLE
CASE NUMBER:   2:05 CR 185

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:   3 years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: ASIEL ELIJAH POOLE
CASE NUMBER: 2:05 CR 185

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  6

DEFENDANT:         ASIEL ELIJAH POOLE
CASE NUMBER:       2:05 CR 185

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ none | $ 2,800.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, IN 46320 for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Bank One | $2,800.00 | $2,800.00 | |
| **TOTALS** | $          2,800.00 | $          2,800.00 | |

x   Restitution amount ordered pursuant to plea agreement  $  2,800.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  6  of  6

DEFENDANT:        ASIEL ELIJAH POOLE
CASE NUMBER:      2:05 CR 185

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   X   Lump sum payment of $ __2,900.00__ due immediately, balance due

      ☐ not later than _____, or
      ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   X   Special instructions regarding the payment of criminal monetary penalties:

     Restitution amount of $2,800.00 to be paid at a minimum rate of $78.00 per month, for three years, until said amount is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.